# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

IN RE: JOCITA CABRINI WILLIAMS            CIVIL ACTION

                                                                                      19-345-SDD-EWD

## ORDER

On June 3, 2019, Appellant Jocita Cabrini Williams ("Appellant") filed a *Notice of Appeal from Bankruptcy Court*,[1] challenging the Bankruptcy Court's *Order Denying Objection to Claim*.[2] The Appellees, Ocwen Loan Services, LLC, Deutsche Bank National Trust Company as Trustee for HSI Asset Securitization Corporation Trust 2007-OPT1, Mortgage Pass-Through Certificates, Series 2007-OPT1, and PHH Mortgage Corporation (collectively, the "Appellees"), have filed a *Motion to Dismiss Appeal for Lack of Jurisdiction*.[3]

On May 28, 2019, more than 14 days after the *Order Denying Objection to Claim* was entered in the Bankruptcy Case, the Appellant filed a pleading with this Court styled as a Complaint, which was assigned Case No. 19-0334.[4] The Complaint is identical to the Objection to Claim previously filed in the Bankruptcy Court. On May 31, 2019, an order was entered by this Court in which the Court stated that:

> Although filed on a form for a Complaint, it appears that R. Doc. 1 in this matter is a Notice of Appeal from a ruling of the Bankruptcy Court. Specifically, attached to R. Doc. 1 in this matter is an Objection to Proof of Deutsche [] . . . [which] was filed in the Bankruptcy Court Case on February

---

[1] Rec. Doc. No. 1.
[2] Bankruptcy Case No. 18-11432, Doc. No. 34.
[3] Rec. Doc. No. 5.
[4] Civil Action No. 19-0334, Doc. No. 1.

Document Number: 52587

7, 2019 . . . and was overruled by the Bankruptcy Court on March 27, 2019. To the extent plaintiff, Jocita Williams, seeks to appeal a ruling of the Bankruptcy Court to this Court, she must comply with the requirements of the Federal Rules of Bankruptcy Procedure 8001, et seq., and the Local Rules of the Bankruptcy Court.[5]

Pursuant to this Order, the "Complaint" was transferred back to the Bankruptcy Court. On May 31, 2019, the Complaint was docketed as a notice of appeal in the Bankruptcy Court.[6] The Notice of Appeal was then assigned the captioned Case No. 19-345.[7]

Appellees now move to dismiss Appellant's Notice of Appeal as untimely. The Appellant filed her Notice of Appeal forty-three (43) days after the *Order Denying Objection to Claim* was entered by the Bankruptcy Court, which is beyond the fourteen (14) day timeline set by Federal Rule of Bankruptcy Procedure 8002.[8] Accordingly, because the Notice of Appeal was not timely filed by the Appellant, this Court lacks jurisdiction to consider the appeal.

"To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a)."[9] The notice must be filed within the time allowed by Rule 8002, which is within 14 days after the entry of the judgment, order, or decree being appealed.[10] The Supreme Court has explained that, "[i]t is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'"[11] Accordingly,

---

[5] Civil Action No. 19-0334, Doc. No. 5.
[6] Bankruptcy Case No. 18-11432, Doc. No. 52.
[7] Rec. Doc. No. 1.
[8] The Complaint was filed forty-three (43) days after the Order Denying Objection to Claim, while the Notice of Appeal was docketed forty-six (46) days after the Order Denying Objection to Claim.
[9] Fed. R. Bankr. P. 8004.
[10] See Fed. R. Bankr. P. 8004; see Fed. R. Bankr. P. 8002.
[11] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (citation omitted).

"[t]he time limit is strictly construed...."[12] "If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal."[13] A plain reading of the statute reveals that the party appealing the bankruptcy court's decision must file a notice of appeal within 14 days of entry of the judgment, order, or decree, and failure to comply with this requirement results in the appellate court lacking jurisdiction to hear the appeal.[14]

Additionally, the record establishes that Appellant never moved to extend the deadline to file a Notice of Appeal as is contemplated under Federal Rule of Bankruptcy Procedure 8002(d)(1). Therefore, this Court lacks jurisdiction over Appellant's appeal.

Accordingly, the Appellees' *Motion to Dismiss Appeal for Lack of Jurisdiction*[15] is GRANTED, and Appellant's *Notice of Appeal from Bankruptcy Court*[16] is DISMISSED with prejudice. Appellant's *Motion – This case to be Filed in the Supreme Courts*[17] is also DENIED for lack of jurisdiction to grant such a request and because Appellant seeks relief to which she is not legally entitled. The Clerk of Court is ordered to terminate this action.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on July 19, 2019.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[12] *Whitemere Dev. Corp. v. Cherry Hill Twp.*, 786 F.2d 185, 187 (3rd Cir. 1986).
[13] *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996).
[14] *See Hobby v. Parker*, No. 17-0920, 2018 WL 1528225 at *4 (W.D. La. Mar. 28, 2018).
[15] Rec. Doc. No. 5.
[16] Rec. Doc. No. 1.
[17] Rec. Doc. No. 7.

Document Number: 52587